**SO ORDERED.**

**SIGNED this 13 day of October, 2006.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE: | CASE NO. |
|---|---|
| BRIAN JEFFREY PHILLIPS<br>STEPHANIE MARIE PHILLIPS | 06-00146-5-ATS |
| EDMOND VICTOR SMOTHERS<br>GWEN WILKINS SMOTHERS | 06-00122-5-ATS |
| MICHAEL DOUGLAS BEAVER<br>CATHERINE E. BEAVER | 05-06123-5-ATS |

    DEBTORS

### ORDER ALLOWING OBJECTIONS TO CONFIRMATION

The matters before the court are the objections to confirmation filed in these three chapter 13 cases. A hearing took place in Raleigh, North Carolina on October 11, 2006.

Brian Jeffrey Phillips and Stephanie Marie Phillips filed a petition for relief under chapter 13 of the Bankruptcy Code on February 6, 2006. CarMax Auto Finance holds a security interest in the Phillipses' 2001 Ford Expedition with a payoff of $14,607.42 plus interest at 7.95 percent. The Phillipses' plan proposes to allow

CarMax's claim as secured in the amount of $13,400, with interest at the contract rate. CarMax objected to this treatment, contending that the proper rate of interest pursuant to Till v. SCS Credit Corp., 541 U.S. 465, 124 S. Ct. 1951, 158 L. Ed. 2d 787 (2004), is 10.25 percent (the "Till rate").[1]

Edmond Victor Smothers and Gwen Wilkins Smothers filed a petition for relief under chapter 13 of the Bankruptcy Code on February 1, 2006. CarMax holds a security interest in the Smotherses' 1996 Nissan Quest with a payoff of $6,268.31 plus interest at 8.95 percent. The Smotherses' plan proposes to allow CarMax's claim as secured in the amount of $4,550, plus interest at the contract rate. Again, CarMax contends that the proper rate of interest is the Till rate, or 10.25 percent.

Michael Douglas Beaver and Catherine E. Beaver filed a petition for relief under chapter 13 of the Bankruptcy Code on December 1, 2005. Coastal Federal Credit Union ("CFCU") holds a security interest in the Beavers' 2000 Buick Regal with a payoff of $5,726.18 plus interest at 7.25 percent. CFCU also holds a security interest in the Beavers' 1996 GMC Sierra with a payoff of $6,061.86 plus interest at 6 percent. The Beavers' plan proposes to allow CFCU's claims as fully secured at the

---

[1] The Till rate is a formula rate of interest, consisting of the prime rate plus a risk factor. In this district, the standard risk factor applied is two percent. The current Till rate is the prime rate of 8.25 percent, plus a risk factor of 2 percent, for a total of 10.25 percent.

2

contract rates of interest. CFCU contends that the proper rate of interest is the Till rate, or 10.25 percent.[2]

The debtors all contend that Till dictates the lower of the formula rate established by Till or the contract rate. They maintain that creditors will receive a windfall, particularly in cases in which creditors are receiving the full payoff amount of their debt as secured, if the greater rate applies.

This issue has already been addressed in this district as it applies in the Beavers' case. In In re Brooks, 344 B.R. 417, 422 (Bankr. E.D.N.C. 2006), Judge Leonard adopted the majority view that the Till rate of interest applies in so-called "910 claims," or those governed by the hanging paragraph of § 1325(a), noting that Till was not abrogated by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. This court adopted Brooks in its entirety in In re Yisrael, 05-06137-5-ATS (August 4, 2006). Accordingly, CFCU's objection to confirmation is allowed in the Beaver case, as the Till rate should be applied to CFCU's claim.

With respect to the Smothers and Phillips cases, which are traditional "cram down" cases in which the terms of the loan are modified through an extension of the repayment term and/or the strip

---

[2] Though there was some confusion about this at the hearing, both of the Beavers' vehicles were purchased within 910 days of the petition date and are thus subject to the hanging paragraph of 11 U.S.C. § 1325(a), which no longer allows debtors to strip down the secured claim to the value of the vehicle.

down of the lien to the value of the car, the court disagrees with the debtors' reading of Till.  Till created a uniform methodology to establish an interest rate in cram down cases that acknowledges the risk of loss that comes with a bankruptcy case.  It would be contrary to the idea of adding a "risk" factor in the Till formula to apply the lower of the contract rate or the Till rate.  If a creditor offered a debtor a zero percent incentive rate and was later crammed down at zero percent, the creditor has lost not only the full benefit of its secured claim, but also bears the entire risk of default or depreciation.  Accordingly, the court concludes that the Till rate applies to vehicle claims in which the secured claim has been reduced to the value of the vehicle or the contract has been otherwise modified (*e.g.*, the term lengthened), and CarMax's objections to confirmation will be allowed in the Smothers and Phillips cases.

Finally, the parties inquired at the hearing as to the proper date to establish the interest rate.  The creditors and debtors seemed to agree that applying the interest rate on the petition date was the most practical from an administrative perspective.  Accordingly, unless there is an objection in a particular case, the Till rate is to be established on the petition date, rather than on the date of confirmation.

Based on the foregoing, the objections to confirmation are **ALLOWED**. The <u>Till</u> rate of interest, as of the petition date for each of these cases, must be provided in the debtors' plans.

**SO ORDERED.**

**END OF DOCUMENT**